IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore K. Zatorsky, #251698, ) | |
| ) | Civil Action No. 3:06-2287-MBS-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Colie Rushton, Warden of McCormick ) | **REPORT AND RECOMMENDATION** |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General of the State of ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Theodore K. Zatorsky ("Zatorsky"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed a motion for summary judgment on October 4, 2006, supported by copies of portions of the state court record. Because Zatorsky is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on October 5, 2006, advising him of his responsibility to respond to the motion for summary judgment. Zatorsky filed a response through counsel, Harry L. Devoe, Jr., on November 6, 2006.

**Procedural History**

In 1998, Zatorsky was indicted for nine counts of armed robbery in Greenville County and one count of armed robbery in Pickens County. He pled guilty to all the charges on August 5, 1998, in Greenville. Zatorsky was sentenced to twenty-five years imprisonment on each charge to run concurrently. (App. 34). He was represented by retained counsel, Jack Lynn. No direct appeal was filed.

Zatorsky filed an application for post-conviction relief ("PCR") in the Court of Common Pleas for Greenville County on July 23, 1999. (App. 36). An evidentiary hearing was held on

October 31, 2002. Zatorsky was represented by Mr. Devoe. (App. 70). The PCR court issued an order of dismissal filed September 13, 2004. Mr. Devoe filed a petition for writ of certiorari in the South Carolina Supreme Court raising three areas of ineffective assistance of trial counsel:

> I.   Counsel Was Ineffective In Advising Petitioner To Plead Guilty Based On Misinformation Provided By Counsel.
>
> II.  Counsel Was Ineffective In Failing To File A Motion For Reconsideration Or To Appeal Petitioner's Conviction And Sentence.
>
> III. Counsel Was Ineffective For Failing To Reasonably Investigate In Several Respects

(Res. Mem., Ex. 2). The South Carolina Supreme Court denied the petition for writ of certiorari on May 24, 2006. (Res. Mem., Ex. 4). The Remittitur was returned on June 9, 2006. (Res. Mem., Ex. 5).

## **Discussion**

1. Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>           (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>           (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>           (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial

of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399.  A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply.  "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).  "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)."  Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a).  Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling.  Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]."  Harris, 209 F.3d at 330.  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the doctrine does not apply.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).  It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling.  United States v. Sosa, 364

4

F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

The record shows that Zatorsky's conviction became final on August 17, 1998 (see Res. Mem., p. 6 n. 1). He filed his PCR on July 23, 1999, allowing 340 days of untolled time to lapse. His PCR process ended on June 9, 2006. Thus, Zatorsky had another 25 days, until July 5, 2006, to file his petition in this Court. The petition is dated June 24, 2006. The envelope in which it was received by the Court bears an August 2006 postmark, but the exact date is illegible. The envelope is stamped received by this Court on August 14, 2006.

Zatorsky argues that he delivered his petition to the mail room at his institution for mailing on June 24, 2006, but that during the institution administrative process, the petition was lost. Upon learning of this on July 18, 2006, Zatorsky prepared another petition and backdated it to June 24, 2006. A petition is considered filed when an inmate delivers it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270-76 (1988). Questions of fact remain as to when Zatorsky delivered his petition to institutional officials for mailing. Therefore, respondents are not entitled to summary judgment on this basis.

    2.    Ineffective Assistance of Trial Counsel

Since Zatrosky filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective

6

assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> \* \* \*
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

7

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

          a.     Plea Agreement

Zatorsky asserts that Lynn was ineffective for failing to enforce a "verbal plea agreement for 10 years" (Pet., p. 5). At the PCR hearing, Zatorsky's mother and her boyfriend testified that they were told by Lynn, and a Sheriff's investigator who worked on the cases (Steve Silvaggio) that they anticipated a sentence in the range of 10 years (the mandatory minimum) to 15 years. (App. 82, 96). Zatorsky also testified that before he pled guilty he had a "negotiated" plea bargain for a sentence of "10 to 15 years" (App. 120, 122). However, Lynn testified to the contrary. Lynn indicated that he never told Zatorsky that he would receive a sentence of 10 or 15 years also testifying "(t)his case had a series of robberies that had Greenville upset. There was just absolutely

8

no deals to be made in it." (App. 93-94). The only plea agreement was "straight-up and whatever he got would be concurrent." (Id.).

At the conclusion of the PCR hearing, the Court rejected Zatorsky's claim primarily based on Zatorsky's sworn statements during the change of plea colloquy. (App. 130-31). In the order of dismissal, the PCR Court rejected this claim finding the testimony of Zatorsky, and his mother to be not credible.[1] The trial court found that the only plea agreement was stated on the record (i.e., concurrent sentences) and that Zatorsky acknowledged the agreement. (App. 142).

          b.          Motion for Reconsideration and Appeal

Zatorsky asserts that his attorney was ineffective for failing to file a motion for reconsideration of his sentence and a direct appeal.

At the PCR hearing, Zatorsky's counsel argued that Lynn could have filed a motion to have the trial court reconsider the sentence so that further mitigating evidence could be presented (App. 126). Neither Zatorsky nor is mother requested such a motion. (App. 14 and 44). The PCR court concluded that Zatorsky received "a very fair sentence for what happened," and found it "unfathomable...that Judge Barber would have changed the sentence on a motion to reconsider." (App. 130). In the order of dismissal, the PCR court concluded that Zatorsky had failed to show error or prejudice with respect to this claim.

Zatorsky also asserts that Lynn was ineffective for failing to inform him of his right to appeal and/or to file a direct appeal. The record shows that neither Zatorsky nor his mother asked Lynn to file on appeal. (App. 83 and 44). The PCR court rejected this claim. (App. 139).

---

[1] The undersigned observes that the testimony of Zatorsky, his mother, and her boyfriend is not credible on its face. Zatorsky testified about a negotiated sentence of either 10 or 15 years. His mother and her boyfriend also testified about a sentence of 10 or 15 years. It would seem logical that a negotiated sentence would be for a specific sentence, i.e., either 10 or 15 years, but not both.

9

Absent special circumstances, a defendant who had pled guilty does not have to be informed of his right to appeal. Carey v. Leverette, 605 F.2d 745 (4th Cir.), cert. denied, 444 U.S. 983 (1979).

3. Investigation

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

Zatorsky does not allege that Lynn failed to develop any potential defenses.[2] Instead, Zatorsky asserts that Lynn failed to investigate his mental breakdown while he was a pretrial

---

[2]The record shows that Zatorsky was fully cooperative after his arrest, giving law enforcement authorities incriminating statements and being available to testify against his co-defendants. (App. 25).

detainee and to ascertain the sentences received by two of his three co-defendants. Zatorsky appears to argue that this information could have been presented in mitigation. However, Zatorsky failed to present any evidence with respect to his mental breakdown at the PCR hearing, and failed to show that had counsel presented such information he would have received a lesser sentence.

## **Conclusion**

The undersigned concludes that the PCR court properly applied the <u>Strickland</u> test to petitioner's claims. He fails to show that his trial attorney committed error or that he was prejudiced. It is, therefore, recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

April 18, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).