IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore K. Zatorski,  #251698, | ) | |
| | ) | C/A No. 3:06-CV-2287-MBS-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND** |
| | ) | **O R D E R** |
| | ) | |
| Colie Rushton, Warden of McCormick | ) | |
| Correctional Institution; and Henry | ) | |
| McMaster, Attorney General of the | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Theodore K. Zatorsky is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He is currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on Respondents' motion for summary judgment filed October 4, 2006. Motion for Summary Judgment (Entry 5). By order filed October 5, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondents' motion for summary judgment on November 6, 2006. Response in Opposition (Entry 10).

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On April 18,

2007, the Magistrate Judge filed a Report and Recommendation in which he recommended that the court grant Respondents' motion for summary judgment and dismiss the petition without an evidentiary hearing. Report and Recommendation, 11 (Entry 11). Petitioner filed objections to the Report on May 7, 2007. Objections to Report and Recommendation (Entry 13).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## PROCEDURAL HISTORY

The facts and procedural history of this case are detailed in the Magistrate Judge's report. Report and Recommendation, 1-3. Briefly, on August 5, 1998, Petitioner pleaded guilty to nine counts of armed robbery in Greenville County, for which Petitioner was sentenced to twenty-five years on each charge to run concurrently. Neither Petitioner nor his trial counsel, Jack Lynn, filed an appeal. The conviction became final on August 15, 1998, the expiration of the ten-day period in which he could have timely filed for direct appeal review. See Rule 203(b)(2), SCACR.

On July 23, 1999, Petitioner filed an application for post-conviction relief ("PCR"). An evidentiary hearing was held on October 31, 2002, at which time Harry Devoe, Jr. represented Petitioner. After finding that Petitioner's "trial counsel was not deficient in any aspect of his

2

representation and performed well within reasonable professional norms for a criminal defense attorney," the PCR court entered an order dismissing the matter with prejudice on September 13, 2004.  Order of Dismissal, App. 144.[1]  Petitioner thereafter filed a petition for writ of certiorari to the South Carolina Supreme Court.  On May 24, 2006, the South Carolina Supreme Court denied the petition for writ of certiorari.  The remittitur was returned on June 9, 2006.

On August 14, 2006, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being confined unlawfully due to the ineffective assistance of trial counsel.  Petition for Writ of Habeas Corpus, 3-6 (Entry 1).  Specifically, Petitioner asserts that trial counsel was ineffective in: (1) advising Petitioner to plead guilty; (2) failing to file a motion for reconsideration or notice of appeal; and (3) failing to reasonably investigate in several respects.  Id. at 5-6.  The Magistrate Judge recommended that the petition be dismissed because Petitioner had failed to demonstrate that his trial attorney was ineffective or that the PCR court's ruling was objectively unreasonable.  Report and Recommendation, 5-11.

## DISCUSSION

The court has reviewed Petitioner's objections to the Report and Recommendation of the Magistrate Judge.  The majority of Petitioner's arguments do not raise specific objections to the Magistrate Judge's findings, but instead repeat the allegations made in his petition for writ of habeas corpus.  See, e.g., Objections to Report and Recommendation, 2 ("Zatorsky objects to the finding

---

[1]    Respondents filed an appendix in connection with the motion for summary judgment.  See Appendix Part 1 (Entry 6-2); Appendix Part 2 (Entry 6-3).  Throughout the instant order, the court cites to the underlying document or transcript as well as to the cited reference's location in the appendix as "App.___."

3

that . . . neither Zatorsky nor his mother requested counsel to file such a motion on appeal. . . . Had Lynn accurately advised Zatorsky about his options, he would have expressly requested that a motion for reconsideration and . . . a direct appeal be filed.  Lynn's erroneous advice, however, effectively deprived Zatorsky of these options."); id. at 2 ("Petitioner also objects to the findings and conclusion . . . pertaining to the ineffective assistance of counsel in failing to reasonably investigate in several respects.  The record showed that Zatorsky had mental problems while in prison awaiting trial, and smoked marijuana and had been smoking it before making incriminating statements to the police. Counsel was aware of this but failed to investigate or make a motion to suppress the statements."). Even if the court construed these statements as objections to the Report and Recommendation, at most, they would be the type of general and conclusory objections that do not warrant the court's response.  See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

To the extent that Petitioner disputes factual findings of the PCR court and the Magistrate Judge, the court finds Petitioner's arguments unpersuasive.  Petitioner contends that the Magistrate Judge erred in finding that the testimony of Petitioner's witnesses at the October 2002 evidentiary hearing lacked credibility.  Objections to the Report and Recommendation, 2.  Petitioner states that, "[t]o the contrary, their testimony is credible while the testimony of Zatorsky's trial counsel, Jack Lynn, is not credible."  Id.  However, such an objection to a factual issue is not a valid ground for habeas relief.  Under 28 U.S.C. § 2254, the state court's determination of a factual issue is presumed to be correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Here, Petitioner has failed to provide any

4

evidence that the PCR court erred in its factual findings; rather, he merely offers conclusory assertions regarding his own opinion of his witnesses' credibility, and, as such, Petitioner has not sufficiently rebutted the presumption of correctness.  See Objections to the Report and Recommendation, 2 ("Zatorsky's mother and her boyfriend are honest, upright people who would not lie under oath, and their testimony reflects their honesty and credibility.").  Based on this record, the PCR judge's credibility judgment was not factually unreasonable.  The court finds no error.[2]

Petitioner does appear to raise one substantive objection to the PCR court's finding that Petitioner's trial counsel was effective under Strickland v. Washington, 466 U.S. 668 (1984), for failing to inform Petitioner of his right to appeal.  When the ineffective assistance of counsel is alleged as a ground for relief in a PCR application, the applicant must show that: (1) "his counsel's performance fell below an objective standard of reasonableness," and (2) "he was prejudiced by counsel's deficient performance."  Rollison v. State, 552 S.E.2d 290, 292 (S.C. 2001) (citing Strickland, 466 U.S. 668; Brown v. State, 533 S.E.2d 308 (2000)).  To succeed on an ineffective assistance of counsel claim, Petitioner must overcome the "presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003) (quoting Strickland, 466 U.S. at 689).  Petitioner must also demonstrate that he was prejudiced by trial counsel's deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 694.

---

[2]     Likewise, the court is unpersuaded by Petitioner's "object[ion] to the finding of the Report and Recommendation that neither Zatorsky nor his mother requested counsel to file such a motion on appeal."  Objections to the Report and Recommendation, 2.  Again, Petitioner fails to rebut the presumption that the PCR court's determination of a factual issue is correct.

Petitioner argues that "the PCR decision denying relief was an unreasonable application of federal law" under Frazer v. South Carolina, 430 F.3d 696 (4th Cir. 2005) (finding that, "when there are non-frivolous issues to appeal or the defendant has manifested an interest in appealing, Strickland requires that counsel consult with the defendant in deciding whether to go forward") (citing Roe v. Flores-Ortega, 528 U.S. 470, 478-79 (2000)). Petitioner's argument lacks merit.

As a general matter, an application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court proceedings cannot be granted unless the adjudication of the claim resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision "involve[s] an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), when the state court "identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000).

The court finds that the PCR court's application of federal law was objectively reasonable. To begin with, the court notes that Frazer, which was decided in 2005, was not the applicable federal law at the time of the PCR evidentiary hearing, which took place in October 2002. At the time of the evidentiary hearing, the United States Supreme Court's ruling in Flores-Ortega was the applicable federal law governing an attorney's duty to inform a defendant of his right to appeal. In Flores-Ortega, the Court held that, absent specific directions regarding appeal, "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either: (1) that a rational defendant would want to appeal (for example, because there are

6

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. In the court's view, the PCR judge appropriately applied this standard by considering whether there were any nonfrivolous grounds for appeal and determining whether Petitioner had demonstrated a desire to appeal. See Order of Dismissal, App. 139-40 ("The allegation that trial counsel was ineffective for failure to file an appeal, or failure to inform [Petitioner] of his right to appeal, is without merit. Trial counsel testified at the evidentiary hearing that [Petitioner] was aware that his case could have been appealed. Trial counsel further testified that he was never asked to file a notice of appeal, and that in his opinion there were no appealable issues. This Court finds counsel's testimony credible. This Court further finds that the applicant has not carried his burden of proof in regards to any request made to trial counsel regarding an appeal."). The PCR judge's consideration of Petitioner's guilty plea as a factor in determining whether trial counsel's representation was deficient is also appropriate under Flores-Ortega. See Order of Dismissal, App. 140; Flores-Ortega, 528 U.S. at 480 ("Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."). Accordingly, the court finds that the PCR court did not unreasonably apply federal law under 28 U.S.C. § 2254(d)(1).

## CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it by reference. For the reasons stated herein and in the Report and Recommendation, Respondents'

motion for summary judgment is **granted,** and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

_/s/ Margaret B. Seymour_____

Margaret B. Seymour

United States District Judge

August 13, 2007

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

8